UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARLENE GASTON on behalf of J.A.G., a minor,

    Plaintiff,

v.                                                                Case No. 8:15-cv-91-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION AND ORDER**

    Plaintiff, Darlene Gaston, on behalf of her minor daughter J.A.G., seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Child's Supplemental Security Income (SSI). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memoranda setting forth their respective positions. For the reasons explained below, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I. Social Security Act Eligibility, the ALJ Decision and Standard of Review**

    **A. Eligibility**

    As in all Social Security disability cases, a claimant bears the burden of proving he is disabled within the meaning of the Social Security Act. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a), (c) (2010); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). This burden of proof on the claimant also exists for childhood SSI disability claims. The definition of childhood SSI disability provides that a claimant

under the age of eighteen years shall be considered disabled if the claimant has a medically determinable physical or mental impairment which results in "marked and severe functional limitations," and that can be expected to result in death, or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.906.  The regulations define the statutory standard of "marked and severe functional limitations" as "a level of severity that meets, medically equals, or functionally equals the listings." 20 C.F.R. § 416.902; 20 C.F.R. §§ 416.906, 416.924(a), 416.926a(a); and 20 C.F.R. pt. 404, subpt. P, app. 1 (the Listing of Impairments).

The Commissioner has established a specific sequential evaluation process for determining whether a child claimant is disabled or not disabled. 20 C.F.R. § 416.924. The three-step process requires a child (or his guardian) to show: (1) that he is not working; (2) that he has a "severe" impairment or combination of impairments; and (3) that his impairment or combination of impairments is of listing level severity, that is, the impairment(s) meets or medically equals the severity of a set of criteria for an impairment in the listings, or functionally equals the listings. 20 C.F.R. § 416.924.

If a child claimant is not working and has a severe impairment, the fact finder must determine if the child's impairment(s) meets or medically equals an impairment in the listings. 20 C.F.R. § 416.924(a)-(d).  If the child's impairment(s) does not meet or medically equal a listed impairment, the fact finder then must determine if the child's impairment(s) is functionally equivalent to the listings. 20 C.F.R. §§ 416.924(d), 416.926a (discussing functional equivalence). For the child's impairment(s) to functionally equal the listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).  The fact finder considers the child's functioning in terms of six

domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(d)(1).

**B.  Procedural History**

On March 28, 2011, Plaintiff, on behalf of her minor daughter J.A.G., filed an application for child's Supplemental Security Income (SSI) alleging disability due to hyproplex heart complex and attention deficit/hyperactivity disorder (ADHD). (Tr. 64, 212). The claim was denied initially on June 21, 2011, and denied upon reconsideration on September 14, 2011. (Tr. 64, 65). Plaintiff thereafter filed a written request for a review hearing before an Administrative Law Judge, which was granted and held on April 9, 2013. (Tr. 43-63).

The ALJ issued an unfavorable decision that found J.A.G. had not been disabled within the meaning of the Social Security Act since the date of filing the application. (Tr. 36). Plaintiff sought review of the ALJ's decision which was denied by the Appeals Council. (Tr. 1-4). Thus, the ALJ's decision is the final decision of the Commissioner of Social Security in the present case. Plaintiff now seeks judicial review of the ALJ's decision in the United States District Court for the Middle District of Florida.

**C.  Summary of the ALJ's Decision**

The ALJ found that Plaintiff was born on April 23, 1998, was a school-aged child on March 28, 2011, the date which the application was filed, and was currently an adolescent on the date of his decision. (Tr. 24). In evaluating Plaintiff's claim, the ALJ utilized the three-step sequential evaluation process to determine whether an individual under the age of eighteen is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. (Tr. 24). At step two, the ALJ determined that Plaintiff had the severe

impairments of hyproplastic left heart syndrome (HLHS) and ADHD. (Tr. 24). At the third step, the ALJ determined that J.A.G.'s impairment was not one that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 24).

The ALJ also evaluated Plaintiff under the "whole child" approach in order to determine if the impairment functionally equaled the requirements of a listed impairment. (Tr. 24). *See* 20 C.F.R. § 416.926a(b), (c); Social Security Ruling 09-1p. The ALJ found that J.A.G. had less than marked limitation in acquiring and using information, in attending and completing tasks, in interacting and relating with others, in the ability to care for herself, and in her health and physical well-being. (Tr. 31-36). The ALJ found J.A.G. had no limitation in moving about and manipulating objects. (Tr. 34). The ALJ found that Plaintiff was not under any disability during any time from the date of the application through the date of the decision. (Tr. 36). *See* 20 C.F.R. § 416.924(a).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Issues on Appeal**

On appeal, Plaintiff raises two issues: (1) whether the ALJ properly evaluated the opinion evidence, including the opinions of the Agency examining psychologist and school psychologist, and (2) whether substantial evidence supports the ALJ's assessment of Plaintiff's limitations in three of the functional equivalence domains. The Court will address each issue in turn.

As to the first issue raised, Plaintiff argues the ALJ erred by failing to consider any of the factors set forth in 20 C.F.R. § 416.927 in analyzing the opinion evidence. (Doc. 18 p. 15). Plaintiff contends that this failure alone constitutes grounds for remand because it is not possible, as a matter of law, for the ALJ to have properly rejected medical opinions in the absence of the consideration of these factors. (Doc. 18 p. 15). In addition, Plaintiff contends that the ALJ erred by failing to state the weight he accorded to the opinions of agency examining specialist Gregory C. Landrum, Psy.D. and school psychologist Sherry J. Scott, M.S., Ed.S. (Doc. 18 p. 16). In response, Defendant argues that the ALJ properly assessed the evidence of record, including the opinion evidence, in assessing whether Plaintiff functionally equaled the severity of the listings. (Doc. 18 p. 16).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds that the ALJ erred by failing to explain his reasoning in weighing the medical opinion evidence. In his decision, the ALJ noted that he accorded "great weight" to the opinions of four psychologists employed by the State Disability Determination Services who each found that the J.A.G. had only "less than marked limitations" and "no limitations" in each of the six functional equivalence domains. The only explanation the ALJ gives for his finding is that "[t]he undersigned notes that while there were many statements in the record concerning the child and her behavior, he is more persuaded by the expert medical assessment given in these exhibits." (Tr. 31). Notably, the ALJ provides no explanation for why he is more persuaded by the expert medical assessments, merely states that he is so. Presumably, the ALJ found that the opinions of these agency evaluators were supported by the medical evidence of record, but the ALJ fails to even provide a boilerplate explanation to this affect. The Court, reviewing the ALJ's opinion on appeal, declines to engage in a *post hoc* reasoning to justify the ALJ's decision. *See Baker v. Comm'r of Soc. Sec.,* 384 F. App'x 893, 896 (11th Cir. 2010) ("a court may not accept appellate counsel's post hoc rationalizations for agency actions.").

The ALJ's error is compounded by the ALJ's failure to state the weight he accorded the opinion of Dr. Lundrum who conducted a consultative psychological evaluation of Plaintiff on May 16, 2011. While the ALJ did thoroughly summarize Dr. Lundrum's findings and opinion in the administrative decision, the ALJ failed to state the weight he accorded Dr. Lundrum's opinion. By failing to do so, the ALJ again ran afoul of *Winschel*'s directive to state the weight accorded to physician's opinions.

The ALJ, however, committed no error by failing to state the weight he accorded the opinion of school psychologist Ms. Scott. As Defendant correctly notes, school psychologists are acceptable medical sources for purposes of establishing impairments of intellectual disability, learning disabilities, and borderline intellectual functioning ***only***.  20 C.F.R. § 416.913(a)(2); *see also Brown v. Comm'r of Soc. Sec.*, 2015 WL 1125375, at *4 (M.D. Fla. Mar. 12, 2015). Here, Ms. Scott assessed none of the impairments set forth in § 416.913(a)(2), her opinion was not an acceptable medical source, and the ALJ did not err by failing to state the weight he accorded it.

Upon remand, the Court will require the ALJ to explain his reasoning for the weight he accorded the opinion evidence of record, specifically noting the weight accorded to Dr. Lundrum's opinion and the reasons therefore. As the ALJ's explanation of the weight accorded these opinions may alter the ALJ's analysis as to his findings concerning the areas of functional equivalence, the Court defers from considering the second issue raised at this time.

### III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2016.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE